IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00048-BO

| | |
|---|---|
| CALVIN EARL BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| US EEOC, ) | |
| Defendant. ) | |
| _____) | |

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis*. (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. His motion for leave to proceed *in forma pauperis* is therefore GRANTED. However, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be found insufficient to survive review under 28 U.S.C. § 1915.

I. **BACKGROUND**

According to Plaintiff, he was terminated from his employment with Convergys Corporation ("Convergys") on June 8, 2011. (DE-1-1, p.6). Plaintiff filed a complaint regarding his termination from Convergys with the Equal Employment Opportunity Commission ("EEOC"), which investigated the charge but found no statutory violations. (DE-1-2). The EEOC issued Plaintiff a right to sue notice on February 24, 2012, informing him of his right to file a lawsuit against Convergys within ninety days. (DE-1-2). Plaintiff filed the instant complaint against the EEOC on March 29, 2012,

1

alleging that the EEOC failed to properly investigate and validate his claims against Convergys. (DE-1).

## II. LEGAL BACKGROUND

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). And "while the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel." Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006). Moreover, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

III.  **ANALYSIS**

Although Plaintiff identifies the EEOC as the sole defendant in this matter, the bulk of his complaint addresses alleged discrimination by Convergys.  Plaintiff indicates his claims against the EEOC arise pursuant to Title VII of the Civil Rights Act of 1964 and involve "race, age, retaliation, and 3rd party harassment."  (DE-1-1, p.2).  But as Plaintiff has been expressly informed in previous litigation in this Court,

> [t]he statutory scheme and legislative history of Title VII are inconsistent with the proposition that Congress intended such an action against the EEOC under these circumstances.  Congress created a *de novo* cause of action against the employer allegedly discriminating where an individual is unsatisfied with the EEOC's resolution of his or her claim.  *Occidental Life Insurance Co. v. Equal Employment Opportunity Comm'n*, 432 U.S. 355, 365-366, 97 S. Ct. 2447, 53 L. Ed. 2d 402 (1977).

Brown, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *3 n.1.   In Brown, this Court dismissed Plaintiff's complaint against the EEOC and P&D Lodging, L.L.C. as frivolous.  As noted *supra*, the Court in so doing informed Plaintiff the EEOC was not generally susceptible to Title VII claims.  *See also* Jaffer v. Nat'l Caucus & Ctr. on Black Aged, Inc., 296 F. Supp. 2d 639, 642-643 (M.D.N.C. 2003) (dismissing a pro se litigant's Title VII claims against the EEOC because "Title VII enforcement provisions do not give third parties either an implied or express cause of action against the EEOC or its employees") (citing Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983) ("Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful practice committed by the EEOC as an employer may bring a Title VII action against the EEOC.") and Georator Corp. v. EEOC, 592 F.2d 765, 769 (4th Cir. 1979)).

Plaintiff is not suing the EEOC as an aggrieved employee; he merely seeks redress for his dissatisfaction with the agency's treatment of his EEOC charge.   Because Title VII

3

Case 4:12-cv-00048-BO   Document 5   Filed 04/13/12   Page 3 of 4

does not permit such suits, Plaintiff's complaint should be dismissed.

## IV. <u>CONCLUSION</u>

Accordingly, for the reasons stated above, Plaintiff's motion to proceed *in forma pauperis* (DE-1) is GRANTED. However, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 13th day of April, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

4

Case 4:12-cv-00048-BO   Document 5   Filed 04/13/12   Page 4 of 4