IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-48-BO

CALVIN EARL BROWN, )
          Plaintiff, )
 )
     v. )          O R D E R
 )
US EEOC, )
          Defendant. )
 )

This matter is before the Court on the Memorandum and Recommendation ("M & R") of

United States Magistrate Judge William A. Webb [DE 5] regarding Plaintiff's motion to proceed

*in forma pauperis* [DE 1, 4] and for frivolity review pursuant to 28 U.S.C. § 1915 (e)(2)(B).

Plaintiff filed "Motions to Strike and Modify Caption With the Appeal of the US Magistrate's

Recommendation" on April 24, 2012 [DE 7]. The matter is ripe for adjudication. The Court

ADOPTS the M & R and DISMISSES Plaintiff's pro se complaint.

BACKGROUND

Plaintiff alleges that he was terminated from his employment with Convergys

Corporation ("Convergys") on June 8, 2011 [DE 1-1 at 6]. Following his termination, Plaintiff

filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which

investigated the charge but found no statutory violations [DE 1-2]. The EEOC issued Plaintiff a

right to sue notice on February 24, 2012, informing him of his right to file a lawsuit against

Convergys within ninety days [DE 1-2]. Plaintiff filed the instant complaint against the EEOC on March 29, 2012, alleging that the EEOC failed to properly investigate his claims against Convergys [DE 1].

In his "Motions to Strike and Modify Caption With the Appeal of the US Magistrate's Recommendation," [DE 7], Plaintiff seeks to substitute Convergys for the EEOC as the defendant in this matter. However, the text of his proposed "amended complaint" recapitulates, verbatim, the allegations in the original complaint that was before the Magistrate Judge for review.

## DISCUSSION

The Court adopts the M & R because Plaintiff has made only frivolous objections to it and because the M & R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making a frivolity determination, a court may designate a magistrate judge to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B).

A district court is only required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn* 474 U.S. 140, 149-50 (1985). By contrast, *de novo* review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *United States v. Mertz*, 376 U.S. 192 (1964)). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano*, 687 F.2d at 47.

In this case, the Magistrate Judge committed no plain error. The M & R properly found that Title VII does not permit suits against the EEOC to remedy a plaintiff's dissatisfaction with the agency's treatment of an EEOC charge. As a result, the Magistrate Judge properly recommended dismissal of Plaintiff's complaint.

Although the Plaintiff timely filed his "Motions to Strike and Modify Caption With the Appeal of the US Magistrate's Recommendation" within the time allotted for objections to the M & R, he has presented no factual error in the Magistrate Judge's recommendation and has merely revised the caption of his lawsuit, without providing an arguable basis in law or fact for this Court to allow the suit to proceed against Convergys. Therefore, the Plaintiff's objection is unresponsive to the Magistrate Judge's legal and factual conclusions and the Court adopts the Magistrate Judge's recommendations.

To the extent Plaintiff seeks appointment of counsel, the appointment of counsel in a civil case is within the discretion of the trial court, and is allowed only in exceptional cases. *See* 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Because the Court finds that no exceptional circumstances are presented in this case and it does not appear to the Court that the pro se litigant has a colorable claim but lacks the capacity to present it, Plaintiff's request for appointment of counsel is denied. *See Whisenant v. Yuam*, 739 F.2d 160, 161 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

## CONCLUSION

The Court ADOPTS the Magistrate Judge's recommendations [DE 5]. Plaintiff's "Motions to Strike and Modify Caption With the Appeal of the US Magistrate's Recommendation" [DE 7] is DENIED. Although Plaintiff's motion to proceed *in forma*

*pauperis* is ALLOWED, this matter is DISMISSED.

SO ORDERED. This ⅔ day of June, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE